

FILED
CLERK, U.S. DISTRICT COURT
FEB 26, 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: JG DEPUTY

1 Celece
2 appearing pro per
  Lemongrasstelephone@gmail.com
3 PO Box 1679-4321
  Sacramento, Ca 94812
4
  602-448-8809
5

United States District Court, Central Dictrict of California

| | |
|---|---|
| Celece | Docket # 2:20-cv-10139 GW (PVCx) |
| V | Plaintiff's Ex Parte Application for Order |
| Dunn School, et al | Specifying Time To Serve Summons |

Hon Judge George Wu; assigned to:Hon. Judge Pedro Castillo

### Application

I request the Court issue an Order specifying the time by which service of Summons must be completed. This aplication is made on the ground of Fed Rules Of Civ Pro 4(c).

### Plaintiff's Declaration Of Facts

I swear under penalty of perjury under the laws of the State of California that the following is true and accurate to the best of my belief and personal knowledge.

1. I am literate. My first language is English. I understand my duty to tell the truth. I am not presiding over this preceeding. I have personal knowledge of the following facts.

2. My complaint was filed with this court on Nov 03, 2020. I presented a Summons at the same time, along with a Fee Waiver Request and a Request For

1  Appointment of Counsel.

2      3. An Order To Show Cause was issued and filed sixteen days later on Nov 19, 2020 asking me to explain how this court had jurisdiction. This Order cited, among other things, the apparent untimliness of my complaint.

    4. Twenty days later on Dec 9, 2020 my Reply To The Order To Show Cause was filed. I partly opposed the Proposed Order, and partly agreed. I explained the apparent untimliness of my claims. I also addressed facts which may establish federal jurisdiction. I was concerned that I filed in federal court in error, due to lack of understanding. Thus, I requested to refile in state court if the Court found a lack of Federal jurisdiction.

    5. On Feb 12, 2021 the Summons was issued, along with a Order granting my Fee Waiver Request.

    6. On Feb 16, my Request for Apointment of Counsel was denied.

    7. I have not yet served the parties.

    8. Currently, I am waiting for two Orders from the court; an Order of the Court To Specify the Time Limit for service of the Summons, and an Order of the Court For Service by US Marshal or deputy marshal.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and accurate to the best of my belief and personal knowledge.

### Plaintiff's Declaration of Urgency

I swear under penalty of perjury under the laws of the State of California that the following is true and accurate to the best of my belief and personal knowledge.

    1. I am literate. My first language is English. I understand my duty to tell the

truth. I am not presiding over this preceeding. I have personal knowledge of the following facts.

2. The first sentence of Fed Rules Of Civ Pro Rule 4(m) states "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

3. My complaint was filed on November 3, 2020. Ninety days from then is Feb 1, 2021. This motion is filed later than Feb 1. As of the date of this motion, defendants have not been served.

4. If I do not receive an Order from the Court specifying the time limit for serving the Summons, my entire case may be dismissed.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and accurate to the best of my belief and personal knowledge.

## Plaintiff's Declaration Of Good Cause
## For Lack of Service of Summons

I swear under penalty of perjury under the laws of the State of California that the following is true and accurate to the best of my belief and personal knowledge.

1. I am literate. My first language is English. I understand my duty to tell the truth. I am not presiding over this preceeding. I have personal knowledge of the following facts.

2. I filed the Summons alongside the complaint on Nov 3, 2020. The Summons was issued by the court on Feb 12, 2021. On the same date of Feb 12,

the court granted my request to proceed with a fee waiver.

3. Along with filing the Summons and Complaint and Fee Waiver Request on Nov 3, I filed a Request For Appointment of Counsel. I waited for an Order of the Court to determine responsibility for service of Summons.

4. An Order denying my request for counsel was issued on Feb 16, 2021. I was unclear until Feb 16 if I would handle the service of Summons or if an attorney would.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and accurate to the best of my belief and personal knowledge.

## Conclusions

Rule 4(m) requires the court to either dismiss my action at this time, or issue an Order that specifies the time within which service is expected to be complete.

Because the Summons was not issued until after 90 days of filing the Summons and Complaint, it was impossible for me to serve the defendants with the Summons within the ninety day time limit in spite of timely filing of the Summons.

Appointment of counsel was denied on Feb 16. If counsel had been granted, then the attorney would have presumably handled service of Summons and the filing of this Ex Parte Request. It is reasonable for a pro se litigant to believe that an appointed attorney would be the appropriate person to handle the service of Summons, and thus to wait for appointment of counsel.

///

### Points and Authorities

Rule 4(m) from the Fed Rules of Civ Pro describe the time for service of a Summons :

> "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*"(emphasis added)

In my declaration above, I show good cause for the failure. Chiefly, the Summons was issued after the expiration of the time limit in spite of my timely filing of the Summons.

According to California Civil Code 3531 from Part 4 Maxims of Jurisprudence, "The law never requires impossibilities." It was impossible for me to serve the Summons within 90 days of filing the Summons and Complaint because the issuance of the Summons was delayed for more than 90 days after lodging of the Summons and Complaint.

Additionally, the court may have granted my Request For Appointment of Counsel. Handling of service of the Summons was unclear to me until the denial was issued, and thus I recognized that I would proceed without an attorney. The denial was not issued until Feb 16.

### Request For Relief

I request an Order pursuent to Rule 4(m) which states that service must be made within a specified time. I pray that the court does not dismiss my action for failure to serve.

I propose 89 days from issuance of the Summons for service, or some other time as the Court deems reasonable and just. 89 days from issuance of the

Summons would be consistant with the time normally provided to plaintiff in other cases, when the issuance of the Summons is not delayed.

When determining a time limit that is just, I ask the Court to remember that I am a pro per plaintiff with a lack of funds who must serve 14 defendants each with a 63 page complaint; the complaint has not yet been copied and I must pay for copying services. I will also need to pay for mailing for all 14 complaints. Thus, financial contraints may increase the time it takes for me to deliver the Summons and Complaint to an appropriate person for service on parties.

Additionally, I ask the court to observe that I submit a Request For Service of Summons By US Marshal alongside this request. I must wait for the Court to rule on that additional Request before I provide the Summons and Complaints to the US Marshal for service.

I have not filed this additional Request as an Ex Parte because I could not find the ground to do so.

Respectfully Submitted,

_____

Celece

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Celece<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Dunn School, et al<br><br>　　　　Defendants | Case No.   CV 20-10139 GW (PVCx)<br><br>ORDER SPECIFYING TIME<br>TO SERVE SUMMONS |

On November 3, 2020, Celece and "John Doe," California residents proceeding pro se (collectively, "Plaintiffs"), filed a joint complaint ("Complaint," Dkt. No. 1). Simultaneously with the Complaint, each Plaintiff separately filed a request to proceed in forma pauperis. ("IFP Requests," Dkt. Nos. 5-6), and Celece filed a Motion For Appointment of Counsel ("Motion", Dkt. No. 4).

Celece notified the Court of Withdrawal of "John Doe" in Response ("Response", Dkt. No. 10). Thus, Celece proceeds as the sole plaintiff. A Summons was issued on Feb 12, 2021. On the same date, Celece's request to proceed in forma pauperis was granted.

1

For the reasons stated above, Plaintiff Celece was unable to serve the Summons within the required time limit of 90 days from filing of the Complaint. Accordingly, Plaintiff Celece has 89 days from issuance of the Summons to serve defendants.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:_____

HON. PEDRO V. CASTILLO
United States Magistrate Judge